# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                              Case No. 08-CR-16

MONICA LINDSEY,

        Defendant.

## ORDER GRANTING REQUEST FOR EVIDENTIARY HEARING

On January 3, 2008, the grand jury returned a five count indictment against Monica Lindsey ("Lindsey") alleging made various false statements to the Social Security Administration in violation of Title 18, United States Code, Section 1341 and Title 42, United States Code, Section 1383(a)(2). On January 29, 2008, Lindsey filed a motion to suppress statements and requested an evidentiary hearing. In this motion, Lindsey alleged that an evidentiary hearing is necessary to determine the following facts:

    1. Whether Lindsey was subjected to custodial interrogation for the purposes of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966);

    2. Whether the statement was voluntarily made; and

    3. Whether the statement was elicited under the guise or context of civil settlement negotiations.

(Docket No. 8 at 3.)

The government opposes Lindsey's request for an evidentiary hearing, noting that Lindsey signed a statement that states in relevant part:

> I, Monica Lindsey, hereby make the following free and voluntary sworn statement to M.J. Clemens, who has identified him/herself to me as a law enforcement officer conducting an inquiry regarding the Social Security Administration. I understand that I am not under arrest, and am free to leave at any time during the interview.

(Docket No. 8-2 at 1; Docket No. 9 at 2.)

Although it appears that this statement will be relevant to the ultimate determination of the disputed facts set forth in Lindsey's motion, the court does not find this statement to be dispositive. Custody and voluntariness are questions that must be evaluated by examining the totality of circumstances. See respectively, United States v. Graven, 129 F.3d 974, 977 (7th Cir. 1997); Watson v. Detella, 122 F.3d 450, 453 (7th Cir. 1997). Thus, under the circumstances presented in this case, the court finds it appropriate to conduct an evidentiary hearing to resolve the defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that the defendant's request for an evidentiary hearing is **granted**. A hearing shall commence on **February 20, 2008 at 9:00 AM** in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The court has scheduled two hours of court time for this hearing. Upon receipt of this order, if either party believes that additional court time is necessary, the party shall promptly notify the court of with an estimate of the in-court time necessary to resolve Lindsey's motion.

Dated at Milwaukee, Wisconsin this 5th day of February 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge